UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEDIAN EL MOUSTRAH,

    Petitioner,

v.

    Case No. 19-13549

    Hon. George Caram Steeh

WILLIAM BARR, *et al.*,

    Respondents.

_____/

## OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Before the court is Petitioner's motion for a temporary restraining order and petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because Petitioner's claim presents a clear issue of law, the court determines the matter without oral argument and on the briefs. *See* L.R. 7.1(f)(2).

## BACKGROUND FACTS

Petitioner Median El Moustrah, who is forty-nine years old and a citizen of Lebanon, has lived in the United States for approximately thirty years. Petitioner is subject to a final order of removal as of July 15, 2008. On November 12, 2019, he was detained by U. S. Customs and Immigration Enforcement pending his removal to Lebanon.

Petitioner is in poor health and suffers from several chronic conditions, including hepatitis B, hepatitis A, cirrhosis of the liver, and gastrointestinal issues that result in internal bleeding.  Petitioner is to be evaluated for a liver transplant.  Because of Petitioner's medical conditions, his medical providers have advised against travel to Lebanon.  Petitioner contends that not only would the trip itself put his health at risk, but also the country conditions and healthcare system in Lebanon would pose a significant danger to his life.  According to the government, a medical review will be conducted prior to removal to ensure Petitioner's fitness for travel.

Seeking a stay of his removal, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order on December 2, 2019.  To preserve its ability to determine jurisdiction, the court stayed Petitioner's removal pending a response from the government and until further order of the court.

Petitioner also filed an emergency motion to reopen before the Board of Immigration Appeals on November 18, 2019.  He claimed asylum, withholding of removal, and protection under the Convention against Torture based upon a change of country conditions in Lebanon.  He sought

an emergency stay of removal, which was granted by the BIA on December 3, 2019.

## LAW AND ANALYSIS

Petitioner argues that, given the significant risks to his health, his removal will violate his Fourth Amendment rights as well as the Convention against Torture. The government argues that the court lacks jurisdiction to consider El Moustrah's habeas petition.

Federal courts are courts of limited jurisdiction, the parameters of which are "left to the discretion of Congress." *Palmore v. United States*, 411 U.S. 389, 401 (1973); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Through the REAL ID Act, 8 U.S.C. § 1252, Congress has required challenges related to a final order of removal to be filed in the court of appeals. *See* 8 U.S.C. § 1252(a)(5) (petition for review with court of appeals "shall be the sole and exclusive means for judicial review of an order of removal"); *Elgharib v. Napolitano*, 600 F.3d 597, 600 (6th Cir. 2010) ("In the REAL ID Act, Congress sought to channel judicial review of an alien's claims related to his or her final order of removal through a petition for review at the court of appeals.").

The Act provides:

> [N]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any

> other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). "Under a plain reading of the text of the statute, the Attorney General's enforcement of long-standing removal orders falls squarely under the Attorney General's decision to execute removal orders and is not subject to judicial review." *Hamama v. Adducci*, 912 F.3d 869, 874 (6th Cir. 2018); *see also Muka v. Baker*, 559 F.3d 480, 484 (6th Cir. 2009) ("[I]t is abundantly clear that . . . a district court is expressly precluded from considering a petition for writ of habeas corpus" by the Real ID Act.).

Petitioner's characterization of his claims as constitutional challenges to his removal does not change the analysis. As the Sixth Circuit explained, "Congress acted within its constitutional powers to limit judicial review of constitutional questions under § 1252, and we conclude that § 1252(a)(5) and (g) both preclude district court jurisdiction over constitutional challenges to final orders of removal." *Elgharib*, 600 F.3d at 605.

The same limitation applies to claims under the Convention against Torture ("CAT"), because judicial review of such claims is vested

exclusively in the court of appeals. *See* 8 U.S.C. § 1252(a)(4) ("[A] petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under [CAT].").

Petitioner attempts to avoid the clear mandate of this authority by arguing that he only challenging his detention, not his removal. Despite this characterization, however, Petitioner has expressly requested a stay of removal and has focused his argument on how his removal would violate the Fourth Amendment and CAT. Petitioner has not argued that his detention is illegal in itself. *Cf. Hamama*, 912 F.3d at 877 (district court's jurisdiction of detention-based claims was not divested by § 1252(g)).

Petitioner also suggests that § 1252(g) leaves him without an adequate alternative remedy and thus violates the Suspension Clause.[1] The Sixth Circuit rejected this argument in *Hamama.* The court noted that the Suspension Clause is not violated when Congress provides an adequate and effective substitute to challenge the legality of a person's detention. *Hamama*, 912 F.3d at 876. Although Congress stripped district courts of jurisdiction to grant habeas relief under § 1252(g), it provided an

---

[1] The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

alternative method for challenging removal orders. An alien may file a petition to reopen with the Board of Immigration Appeals and then seek judicial review in the appropriate court of appeals. *Hamama*, 912 F.3d at 876 (citing 8 U.S.C. § 1252(a)(5), (2)(D)). Indeed, Petitioner has filed a motion to reopen with the BIA, and the BIA has granted a stay of removal pending a decision on the motion to reopen. *See* ECF Nos. 5-3, 5-4. "Because this process provides an alien with the same scope of relief as habeas, the REAL ID Act does not violate the Suspension Clause." *Id.*

## ORDER

For these reasons, the court lacks subject matter jurisdiction over El Moustrah's petition for a writ of habeas corpus. IT IS HEREBY ORDERED that the stay (ECF No. 4) is VACATED, Petitioner's motion for a temporary restraining order (ECF No. 2) is DENIED, and the petition for writ of habeas corpus is DISMISSED.

Dated: March 25, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 25, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk